```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                   TAMPA DIVISION

WILLIAM H. BOYD,

      Plaintiff,

v.                               Case No. 8:14-cv-2074-T-33EAJ

STANDARD FIRE INSURANCE CO.,

      Defendant.
_____/
```

**ORDER**

This cause comes before the Court pursuant to a motion hearing held on September 30, 2014, at which the Court heard oral argument on Defendant Standard Fire Insurance Co.'s Motion to Dismiss (Doc. # 5) and *pro se* Plaintiff William H. Boyd's Motion for Reconsideration (Doc. # 21) of this Court's denial of his Motion to Deny Transfer of Case to Federal District Court and Remand Same to Hillsborough County Court (Doc. # 16). For the reasons set forth at the hearing and described below, the Court grants Standard Fire's Motion to Dismiss and denies Boyd's Motion for Reconsideration.

In regard to Boyd's Motion for Reconsideration (Doc. # 21), this Court finds that it has federal question jurisdiction, pursuant to 28 U.S.C. § 1441, as the present claim relates to the National Flood Insurance Program,

created pursuant to the National Flood Insurance Act, 42 U.S.C. § 4001 et seq. Furthermore, as provided under the Act, this Court has original exclusive jurisdiction over the present matter. See 42 U.S.C. § 4072. Accordingly, Boyd's Motion for Reconsideration (Doc. # 21) is denied.

As to Standard Fire's Motion to Dismiss, the Court notes, as an initial matter, that it would have been appropriate to grant the Motion to Dismiss as unopposed, as Boyd failed to timely file a response in opposition to the Motion. Nevertheless, at the motion hearing, the Court allowed both parties to address their respective positions as they relate to the Motion to Dismiss. At that time, Standard Fire pointed the Court to two provisions, which govern the present matter. In particular, 44 C.F.R. § 62 app. A, Article III, of the National Flood Insurance Program provides:

> E. Premium refunds to applicants and policyholders required pursuant to rules contained in the National Flood Insurance Program (NFIP) "Flood Insurance Manual" shall be made by the Company from Federal flood insurance funds referred to in Article II, Section E, and, if such funds are depleted, from funds derived by drawing against the Letter of Credit established pursuant to Article IV. *As fiscal agent, the Company shall not refund any premium to applicants or policyholders in any manner other than as specified in the NFIP's "Flood Insurance Manual" since flood insurance premiums are funds of the Federal Government.*

(See Court's Ex. 2) (emphasis added). Standard Fire, in turn, pointed the Court to the language of the NFIP Flood Insurance Manual, which limits Boyd's recovery to the current policy year. (See Court's Ex. 1). Further, Standard Fire argues that it is mandated to follow the guidance of the NFIP's Flood Insurance Manual. (Doc. # 5 at 3) (citing Suopys v. Omaha Prop. & Cas., 404 F.3d 805, 811 (3d Cir. 2005)).

It is undisputed that Standard Fire reimbursed Boyd the amount owed for the current policy year. Therefore, it is Standard Fire's position that Boyd is not entitled to further recovery. (See Doc. # 5). Looking to the four corners of the Complaint and having considered the arguments presented at the hearing, the Court finds that Boyd has not demonstrated his entitlement to additional funds and, therefore, has not stated a cause of action. Accordingly, the Court grants Standard Fire's Motion to Dismiss. However, Boyd's Complaint is dismissed without prejudice so that he may file an amended complaint which more fully develops the arguments set forth at the motion hearing.

The Court instructs Boyd that, in order to sufficiently state a cause of action in federal court, Boyd must meet the pleading standards required by the rules and case law governing this Court. Specifically, in accordance with Bell

3

Atl. Corp. v. Twombly, 550 U.S. 544 (2007), Federal Rule of Civil Procedure 8(a) calls "for sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570). A plausible claim for relief must include "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Furthermore, on a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

4

> will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Twombly, 550 U.S. at 555 (2007)(internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

Therefore, Boyd has until and including October 20, 2014, to file an amended complaint to state a valid cause of action to the extent possible in compliance with the federal rules as outlined above.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff William H. Boyd's Motion for Reconsideration (Doc. # 21) is **DENIED.**

(2) Defendant Standard Fire Insurance Co.'s Motion to Dismiss (Doc. # 5) is **GRANTED**.

(3) Plaintiff William H. Boyd may file an amended complaint on or before **October 20, 2014.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 2nd day of October, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record