```
                     UNITED STATES DISTRICT COURT
                      MIDDLE DISTRICT OF FLORIDA
                           TAMPA DIVISION
```

WILLIAM H. BOYD,

    Plaintiff,

v.                                    Case No. 8:14-cv-2074-T-33EAJ

STANDARD FIRE INSURANCE CO.,

    Defendant.
_____/

**ORDER**

This cause is before the Court pursuant to Defendant Standard Fire Insurance Company's (Standard Fire) Motion to Dismiss Amended Complaint and Memorandum of Law in Support, filed on October 29, 2014. (Doc. # 38). *Pro se* Plaintiff William H. Boyd filed a response in opposition thereto on November 11, 2014. (Doc. # 39). Upon due consideration, the Court grants the Motion.

**I.  Background**

Boyd initiated this action in the County Court in and for Hillsborough County, Florida, against Defendants Standard Fire and Willis of Florida. (Doc. # 1). However, a Notice of Voluntary Dismissal with Prejudice Only As to Defendant Willis of Florida was filed on August 22, 2014. (Doc. # 5 at 2). Standard Fire then removed the case to this Court on

August 25, 2014. (Doc. # 1). This Court has original exclusive jurisdiction over the present matter, as provided under the National Flood Insurance Act. See 42 U.S.C. § 4072.

In his initial Complaint, Boyd alleged that "Defendants negligently underwrote my Flood Policy resulting in excess premiums being paid." (Doc. # 2 at 1). Standard Fire filed a Motion to Dismiss in opposition thereto on August 29, 2014. (Doc. # 5). This Court heard oral argument on the Motion to Dismiss on September 30, 2014. (Doc. # 25). Based on the arguments set forth at the hearing and an independent review of the matter, the Court granted Standard Fire's Motion. (Doc. # 24). However, the Court dismissed Boyd's Complaint without prejudice so that he could file an amended complaint which more fully developed the arguments he set forth at the motion hearing. (Id. at 3).

Boyd filed an Amended Complaint on October 16, 2014, setting forth the following claims: Breach of Duty Owed (count I), Unjust Enrichment (count II), Failure to Perform Fiscal Responsibility (count III), and General Change Endorsement is Ambiguous (count IV). (Doc. # 30). In response, Standard Fire filed the present Motion to Dismiss on October 29, 2014 (Doc. # 38), which is now ripe for the Court's review.

**II.  Legal Standard**

On a motion to dismiss, this Court accepts as true all of the factual allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990)("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

In accordance with Twombly, Federal Rule of Civil Procedure 8(a) calls "for sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009)(quoting Twombly, 550 U.S. at 570). A plausible claim for relief must include "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

**III. Analysis**

The National Flood Insurance Act (NFIA) of 1968 established the National Flood Insurance Program (NFIP) as a vehicle for providing property owners with affordable flood insurance subsidized by the federal government. 42 U.S.C. §§ 4001 *et seq*. In 1983, the Federal Emergency Management Agency (FEMA) promulgated regulations enabling private insurers to provide flood insurance under the "Write Your Own" (WYO) Program. 44 C.F.R. § 61.13(f). WYO insurers deposit flood insurance premiums with the United States Treasury after deducting their fees and administrative costs and draw on FEMA letters of credit when they lack sufficient funds to pay claims. Southpointe Villas Homeowners Assoc., Inc. v. Scottish Ins. Agency, 213 F. Supp. 2d 586, 588 (D.S.C. 2002). FEMA also reimburses WYO insurers for certain defense costs related to claims handling and policy administration because they are fiscal agents of the United States. Id. Furthermore, the NFIA confers original, exclusive jurisdiction to the

4

"United States district court for the district in which the insured property" is located. See 42 U.S.C. § 4072.

WYO insurers issue Standard Flood Insurance Policies (SFIPs), whose terms, rate structures and premium costs are regulated by FEMA. Southpointe, 213 F. Supp. 2d at 588. The SFIP provides: "This [flood] policy and all disputes arising from the handling of any claim under the policy are *governed exclusively* by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. [§§] 4001 *et seq.*), and Federal common law." 44 C.F.R. Part 61, App. A(1) art. IX (emphasis added). FEMA regulations mandate that WYO companies – such as Standard Fire – exclusively adhere to the National Flood Insurance Manual when issuing flood insurance refunds "because flood insurance premiums are funds of the Federal Government." 44 C.F.R. Pt. 62, App. A, Art. III(E); see Southpointe, 213 F. Supp. 2d at 593 (federal policy requires "uniform interpretation" of the Flood Manual regarding overcharged premiums, otherwise federal funds would be at risk without predictability).

Here, Boyd's claims sound in claim handling, rather than policy procurement, because they do not involve the purchase of a new SFIP or renewal of a lapsed SFIP. See Grissom v.

5

Liberty Mut. Fire Ins. Co., 678 F.3d 397, 401 (5th Cir. 2012). Instead, the present matter involves a policy that was not updated to reflect the change in the applicable flood zone. (See Doc. ## 1, 30). As previously noted, "FEMA's regulations are controlling regarding the application of the SFIP by WYO Companies. 44 C.F.R. Pt. 61, App. A(1). [Furthermore, the] FEMA Claims Manual . . . is incorporated by reference into the FEMA regulations (44 C.F.R. § 62.23)." Suopys v. Omaha Prop. & Cas., 404 F.3d 805, 811 (3d Cir. 2005). The relevant provision of that manual provides:

> B.   Rating Endorsements
>
> ***
>
> 4.   Map Revision
>
>> A policy may be endorsed to revise the flood zone or change the Base Flood Elevation (BFE) in which a building is located to provide a more favorable rating due to a physical revision of the FIRM, a Letter of Map Revision (LOMR). The effective date of the endorsement to rate a policy with the current zone must be the effective date of the map revision.
>
> ***
>
> - If a map revision or amendment became effective prior to the previous policy year, *a refund of the premium difference is granted for the current policy year only.*

Flood Manual, End 2, § II(B)(4) (emphasis added). In the present matter, it is undisputed that Standard Fire

6

reimbursed Boyd the amount owed for the current policy year. Accordingly, Boyd is not entitled to further recovery.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Standard Fire Insurance Co.'s Motion to Dismiss (Doc. # 38) is **GRANTED**.

(2) This case is **dismissed with prejudice.**

(3) Plaintiff William H. Boyd's Motion to Reconsider Mediation Denial (Doc. # 40) is **DENIED as Moot.**

(4) The Clerk is directed to **CLOSE THIS CASE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 19th day of November, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record